# EXHIBIT A

| STATE OF WISCONSIN | CIRCUIT COURT | WAUKESHA COUNTY |
|---|---|---|

Energy Bank Incorporated
4466 Custer St.
Manitowoc, WI 54220

      Plaintiff,

v.

Orion Energy Systems, Inc.
2210 Woodland Dr.
Manitowoc, WI 54220

      Defendant.

Case No.:

Case Code: 35005

Classification:

## SUMMONS

THE STATE OF WISCONSIN

To:   Mike Altschaefl, CEO
      Orion Energy Systems, Inc.
      2210 Woodland Dr.
      Manitowoc, WI 54220

Served On: Orion Energy Systems, 2210 Woodland Dr., Manitowoc, WI
Date: 8/14/17
Time: 8:40 rm
Served By: [signature]
By: Mike Altschaefl, Potts

You are hereby notified that the Plaintiff Energy Bank Incorporated has filed a lawsuit or other legal action against Orion Energy Systems, Inc. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days after receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Waukesha County Courthouse, Civil Division, Room C-167, 515 Moreland Blvd., Waukesha, WI 53188, and to Garet K. Galster, plaintiff's

1

attorney, whose address is Smith Keane LLP, 1130 James Drive, Suite 104, Hartland, WI 53029. You may have an attorney help or represent you.

If you do not provide a proper response within the indicated time, the court may grant judgment against you for the award of money or other demand of the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and also may be enforced by garnishment or seizure of property.

SMITH KEANE LLP

Date: 10 August 2017

Electronically signed by Garet K. Galster

Garet K. Galster (WI Bar 1056772)
Melissa S. Hockersmith (WI Bar 1050361)
Jason W. Krueger (WI Bar 1090078)
1130 James Drive, Suite 104
Hartland, WI 53029
Tel: 262.563.1438
Fax: 262.563.1439
Email: gkg@keaneip.com

Attorneys for Plaintiff Energy Bank Incorporated

2

Case 1:17-cv-01237-WCG   Filed 09/12/17   Page 3 of 17   Document 1-1

| STATE OF WISCONSIN | CIRCUIT COURT | WAUKESHA COUNTY |
|---|---|---|

Energy Bank Incorporated
4466 Custer St.
Manitowoc, WI 54220

    Plaintiff,

v.

Orion Energy Systems, Inc.
2210 Woodland Dr.
Manitowoc, WI 54220

    Defendant.

Case No.:

Case Code: 30703

Classification:

## COMPLAINT

NOW COMES Plaintiff, Energy Bank Incorporated, and for its Complaint against Orion Energy Systems, Inc., states and alleges as follows:

### FACTUAL ALLEGATIONS

### The Parties

1. Plaintiff Energy Bank Incorporated ("Energy Bank") is a Wisconsin corporation having a principal place of business at 4466 Custer St., Manitowoc, WI 54220.

2. Upon information and belief, Defendant Orion Energy Systems, Inc. ("Orion") is a Wisconsin corporation having a principal place of business at 2210 Woodland Dr., Manitowoc, WI 54220.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to Wis. Stat. §

1

801.04(1), giving this Court jurisdiction over subject matter conferred by the constitution and statutes of this state, namely, Wis. Stat. § 100.197.

4. This Court has personal jurisdiction over Orion in accordance with Wis. Stat. § 801.05(1)(c), because Orion is a domestic corporation, and with Wis. Stat. § 801.05(1)(d), because Orion is engaged in substantial and not isolated activities within this state.

5. Venue is proper in this district pursuant to (a) Wis. Stat. § 801.50(2)(a) because Orion transmitted an incomplete patent notification to, and it was received by Energy Bank's attorney in, Waukesha County, and because Orion is subject to personal jurisdiction in this county; and (b) Wis. Stat. § 801.50(2)(c) because, upon information and belief, Orion does substantial business in Waukesha County.

## FACTUAL BACKGROUND AND NATURE OF THE CASE

6. This action seeks a permanent injunction restraining Orion from violating Wis. Stat. § 100.197(2)(b) and compelling Orion to provide Energy Bank with the information specified in Wis. Stat. § 100.197(2)(c)(2), and related damages, costs, attorney fees, and punitive damages, such relief being authorized by Wis. Stat. § 100.197(3)(b).

7. On September 21, 2016 Orion sent an email to Energy Bank ("First Orion Notification") enclosing a complaint and also copies of the asserted patents (collectively, the "Complaint") (Exhibit A, hereto) Orion had filed against Energy Bank for patent infringement in the United States District Court for the Eastern District of Wisconsin, Green Bay Division (Case 1:16-cv-01250). Two additional exhibits were attached, which were not related to an assertion of patent rights.

8. The First Orion Notification stated that Orion "recently filed a complaint in the United States District Court for the Eastern District of Wisconsin against Energy Bank alleging

2

infringement by Energy Bank of certain patents owned by Orion[.]"

9. The First Orion Notification demanded, *inter alia*, that Energy Bank cease "all manufacture, use, sale, offer for sale, promotion, and advertising in the United States of LightSource products, as well as any of the products that infringe U.S. Patent Nos. 8,337,043 and 8,858,018[.]"

10. With regard to U.S. Patent No. 8,337,043, the Complaint asserted that "Energy Bank has been, is currently, and unless enjoined will continue to infringe, contribute to the infringement of, and/or induce others to infringe one or more claims of the '043 patent."

11. With regard to U.S. Patent No. 8,337,043, the Complaint asserted that "Energy Bank has infringed the '043 patent by, among other things, making, using, offering to sell, selling, installing, configuring, or operating within the United States the LightSource Product by encouraging its customers to use the patented features of the '043 patent."

12. With regard to U.S. Patent No. 8,858,018, the Complaint asserted that "Energy Bank has infringed the '018 patent by making, using, offering to sell, selling, installing, configuring, or operating within the United States the LightSource Product by encouraging its customers to use the patented features of the '018 patent."

13. The First Orion Notification and the Complaint attempted to assert rights in connection with a patent or pending patent, alleging direct infringement, willful infringement, induced infringement and contributory infringement of each of the two listed patents, for an effective total of eight counts of patent infringement.

14. The First Orion Notification (and the Complaint) is not a patent notification of an institution of higher education or of a technology transfer organization that is owned, controlled, or operated by, or associated with, an institution of higher education.

15. The First Orion Notification (and the Complaint) is not a patent notification of a health care or research institution that has annual expenditures of at least $10,000,000 and that receives federal funding.

16. The First Orion Notification (and the Complaint) is not a patent notification of an organization that is owned, controlled, or operated by an institution specified in paragraph 15.

17. The First Orion Notification (and the Complaint) is not a patent notification attempting to enforce or assert a right in connection with a patent or pending patent on a device, or a component of that device, that is subject to approval by the federal food and drug administration or the federal department of agriculture.

18. The First Orion Notification (and the Complaint) is not a patent notification attempting to enforce or assert a right arising under 35 U.S.C. § 271(e)(2) or 42 U.S.C. § 262.

19. On September 21, 2016, Energy Bank's attorney sent an email ("First Energy Bank Response") to inform Orion's attorney that the First Orion Notification was "incomplete under Wisconsin law."

20. Two days later, Orion's attorney responded by email that "we think our communication meets [Wisconsin patent notification] requirements."

21. On September 23, 2016 Energy Bank received a letter from Orion by post ("Second Orion Notification") enclosing the complaint and also copies of the asserted patents (collectively, the "Complaint") (which appeared to be another written communication consisting of the attachments to the email sent on September 21, 2016) Orion had filed against Energy Bank for patent infringement in the United States District Court for the Eastern District of Wisconsin, Green Bay Division (Case 1:16-cv-01250).

4

22. The Second Orion Notification stated that Orion "recently filed a complaint in the United States District Court for the Eastern District of Wisconsin against Energy Bank alleging infringement by Energy Bank of certain patents owned by Orion[.]"

23. The Second Orion Notification demanded, *inter alia*, that Energy Bank cease "all manufacture, use, sale, offer for sale, promotion, and advertising in the United States of LightSource products, as well as any of the products that infringe U.S. Patent Nos. 8,337,043 and 8,858,018[.]"

24. With regard to U.S. Patent No. 8,337,043, the Complaint asserted that "Energy Bank has been, is currently, and unless enjoined will continue to infringe, contribute to the infringement of, and/or induce others to infringe one or more claims of the '043 patent."

25. With regard to U.S. Patent No. 8,337,043, the Complaint asserted that "Energy Bank has infringed the '043 patent by, among other things, making, using, offering to sell, selling, installing, configuring, or operating within the United States the LightSource Product by encouraging its customers to use the patented features of the '043 patent."

26. With regard to U.S. Patent No. 8,858,018, the Complaint asserted that "Energy Bank has infringed the '018 patent by making, using, offering to sell, selling, installing, configuring, or operating within the United States the LightSource Product by encouraging its customers to use the patented features of the '018 patent."

27. The Second Orion Notification and the Complaint attempted to assert rights in connection with a patent or pending patent, alleging direct infringement, willful infringement, induced infringement and contributory infringement of each of the two listed patents, for an effective total of eight counts of patent infringement.

28. The Second Orion Notification (and the Complaint) is not a patent notification of an institution of higher education or of a technology transfer organization that is owned, controlled, or operated by, or associated with, an institution of higher education.

29. The Second Orion Notification (and the Complaint) is not a patent notification of a health care or research institution that has annual expenditures of at least $10,000,000 and that receives federal funding.

30. The Second Orion Notification (and the Complaint) is not a patent notification of an organization that is owned, controlled, or operated by an institution specified in paragraph 29.

31. The Second Orion Notification (and the Complaint) is not a patent notification attempting to enforce or assert a right in connection with a patent or pending patent on a device, or a component of that device, that is subject to approval by the federal food and drug administration or the federal department of agriculture.

32. The Second Orion Notification (and the Complaint) is not a patent notification attempting to enforce or assert a right arising under 35 U.S.C. § 271(e)(2) or 42 U.S.C. § 262.

33. On September 27, 2016 Energy Bank's attorney sent an email ("Second Energy Bank Response") to Orion's attorney Benjamin Horton. The Second Energy Bank Response noted that Mr. Horton's "9/21 email communication and [] 9/23 postal communications are both patent notifications under Wisconsin law (Wisconsin Statute 100.197), and both are incomplete."

34. Energy Bank did not receive further information from Orion regarding Orion's patent notifications by October 28, 2016.

35. On June 16, 2017, nearly nine months after the First Orion Notification, Orion's attorney sent Orion's Disclosure of Terms Requiring Construction and Proposed Constructions ("Third Orion Notification") (Exhibit B, hereto) to Energy Bank's attorney.

36. The Third Orion Notification indicated that "Orion hereby notifies Energy Bank that it intends to assert the following claims: U.S. Patent No. 8,337,043, Claims 9-11, 14-20; U.S. Patent No. 8,858,018, Claims 1-5, 8-13, 17-26, 32-36."

37. The Third Orion Notification indicates an intent to assert rights in connection with a patent or pending patent.

38. The Third Orion Notification is not a patent notification of an institution of higher education or of a technology transfer organization that is owned, controlled, or operated by, or associated with, an institution of higher education.

39. The Third Orion Notification is not a patent notification of a health care or research institution that has annual expenditures of at least $10,000,000 and that receives federal funding.

40. The Third Orion Notification is not a patent notification of an organization that is owned, controlled, or operated by an institution specified in paragraph 39.

41. The Third Orion Notification is not a patent notification attempting to enforce or assert a right in connection with a patent or pending patent on a device, or a component of that device, that is subject to approval by the federal food and drug administration or the federal department of agriculture.

42. The Third Orion Notification is not a patent notification attempting to enforce or assert a right arising under 35 U.S.C. § 271(e)(2) or 42 U.S.C. § 262.

43. On June 28, 2017, Energy Bank, through its attorneys, sent a letter ("Third Energy Bank Response") (Exhibit C, hereto) to Orion's attorney via email. The Third Energy Bank Response contained a notification to Orion that the Third Orion Notification was a patent notification under Wisconsin law.

44. The Third Energy Bank Response also contained a notification that the Third Orion Notification sent by Orion's attorney as a patent notification was incomplete.

45. Contrary to Wis. Stat. § 100.197(2)(c)(2), Orion did not provide Energy Bank with the information specified under Wis. Stat. § 100.197(2)(a) necessary to complete the patent notification within 30 days after notice was given by Energy Bank to Orion that Orion's patent notifications were incomplete.

46. None of the First Orion Notification, the Second Orion Notification, and the Third Orion Notification provides "[a]n identification of each claim of each patent or pending patent being asserted and the target's product, service, process, or technology to which that claim relates" as required by Wis. Stat. § 100.197(2)(a)4.

47. Specifically, none of the First Orion Notification, the Second Orion Notification, and the Third Orion Notification identifies which Energy Bank product(s) infringe which asserted patent claim.

48. Additionally, none of the First Orion Notification, the Second Orion Notification, and the Third Orion Notification provides "[f]actual allegations and an analysis setting forth in detail the person's theory of each claim identified under [Wis. Stat. § 100.197(2)(a)4], if any, and how that claim relates to the target's product, service, process, or technology" as required by Wis. Stat. § 100.197(2)(a)5.

49. Specifically, none of the First Orion Notification, the Second Orion Notification, and the Third Orion Notification sets forth in detail Orion's theory of how each asserted patent claim is infringed by any Energy Bank product.

## **FIRST CAUSE OF ACTION-INCOMPLETE PATENT NOTIFICATION**

### **In Violation of Wisconsin Statute § 100.197(2)(c)2**

8

50. Energy Bank realleges and incorporates by reference paragraphs 1-49 above.

51. The First Orion Notification and the Complaint did not contain an identification of each claim of each patent or pending patent being asserted and an Energy Bank product, service, process, or technology to which that claim relates.

52. The First Orion Notification and the Complaint did not contain factual allegations and an analysis setting forth in detail Orion's theory of each patent claim identified, if any, and how that claim relates to an Energy Bank product, service, process, or technology.

53. Energy Bank sent the First Energy Bank Response to Orion's attorney notifying Orion that Orion's patent notification was incomplete, as required by Wis. Stat.§ 100.197(2)(c)(1).

54. Orion did not respond to Energy Bank within 30 days after the date on which Energy Bank notified Orion of Orion's incomplete patent notification, with the information required under Wis. Stat.§ 100.197(2)(a) that is necessary to complete the patent notification, thus violating Wis. Stat.§ 100.197(2)(c)(2).

55. As of the filing date of this Complaint, Orion still has not provided Energy Bank with an identification of each claim of each patent or pending patent being asserted and an Energy Bank product, service, process, or technology to which that claim relates as required by Wis. Stat. § 100.197(2)(a)4.

56. As of the filing date of this Complaint, Orion still has not provided Energy Bank with factual allegations and an analysis setting forth in detail Orion's theory of each patent claim identified, if any, and how that claim relates to an Energy Bank product, service, process, or technology as required by Wis. Stat. § 100.197(2)(a)5.

57. As a result of Orion's violation of Wis. Stat. §§ 100.197(2)(a) and (c)(2), Energy Bank has sustained and, unless Orion is enjoined, will continue to sustain injury to its ability to do

business and also financial damage.

## SECOND CAUSE OF ACTION-INCOMPLETE PATENT NOTIFICATION
## In Violation of Wisconsin Statute §§ 100.197(2)(c)2 and 100.197(3)(c)

58. Energy Bank realleges and incorporates by reference paragraphs 1-57 above.

59. The Second Orion Notification and the Complaint did not contain an identification of each claim of each patent or pending patent being asserted and an Energy Bank product, service, process, or technology to which that claim relates.

60. The Second Orion Notification and the Complaint did not contain factual allegations and an analysis setting forth in detail Orion's theory of each patent claim identified, if any, and how that claim relates to an Energy Bank product, service, process, or technology.

61. Energy Bank sent the Second Energy Bank Response to Orion's attorney notifying Orion that Orion's patent notification was incomplete, as required by Wis. Stat.§ 100.197(2)(c)(l).

62. Orion did not respond to Energy Bank within 30 days after the date on which Energy Bank notified Orion of Orion's incomplete patent notification, with the information required under Wis. Stat.§ 100.197(2)(a) that is necessary to complete the patent notification, thus violating Wis. Stat.§ 100.197(2)(c)(2).

63. As of the filing date of this Complaint, Orion still has not provided Energy Bank with an identification of each claim of each patent or pending patent being asserted and an Energy Bank product, service, process, or technology to which that claim relates as required by Wis. Stat. § 100.197(2)(a)4.

64. As of the filing date of this Complaint, Orion still has not provided Energy Bank with factual allegations and an analysis setting forth in detail Orion's theory of each patent claim identified, if any, and how that claim relates to an Energy Bank product, service, process, or

10

technology as required by Wis. Stat. § 100.197(2)(a)5.

65. As a result of Orion's violation of Wis. Stat. §§ 100.197(2)(a) and (c)(2), Energy Bank has sustained and, unless Orion is enjoined, will continue to sustain injury to its ability to do business and also financial damage.

### THIRD CAUSE OF ACTION-INCOMPLETE PATENT NOTIFICATION
### In Violation of Wisconsin Statute §§ 100.197(2)(c)2

66. Energy Bank realleges and incorporates by reference paragraphs 1-65 above.

67. The Third Orion Notification did not contain a physical or electronic copy of each patent.

68. The Third Orion Notification did not contain an identification of each claim of each patent or pending patent being asserted and an Energy Bank product, service, process, or technology to which that claim relates.

69. The Third Orion Notification and the Complaint did not contain factual allegations and an analysis setting forth in detail Orion's theory of each patent claim identified, if any, and how that claim relates to an Energy Bank product, service, process, or technology.

70. Energy Bank sent the Third Energy Bank Response to Orion's attorney notifying Orion that Orion's patent notification was incomplete, as required by Wis. Stat.§ 100.197(2)(c)(1).

71. Orion did not respond to Energy Bank within 30 days after the date on which Energy Bank notified Orion of Orion's incomplete patent notification, with the information required under Wis. Stat.§ 100.197(2)(a) that is necessary to complete the patent notification, thus violating Wis. Stat.§ 100.197(2)(c)(2).

72. As of the filing date of this Complaint, Orion still has not provided Energy Bank with an identification of each claim of each patent or pending patent being asserted and an Energy Bank

11

product, service, process, or technology to which that claim relates as required by Wis. Stat. § 100.197(2)(a)4.

73. As of the filing date of this Complaint, Orion still has not provided Energy Bank with factual allegations and an analysis setting forth in detail Orion's theory of each patent claim identified, if any, and how that claim relates to an Energy Bank product, service, process, or technology as required by Wis. Stat. § 100.197(2)(a)5.

74. As a result of Orion's violation of Wis. Stat. §§ 100.197(2)(a) and (c)(2), Energy Bank has sustained and, unless Orion is enjoined, will continue to sustain injury to its ability to do business and also financial damage.

## PRAYER FOR RELIEF

WHEREFORE, Energy Bank prays for judgment in its favor and against Orion with respect to all of the foregoing Counts as follows:

A. Issuing a permanent injunction against Orion, its servants, agents and employees, and all other persons in active concert or participation with Orion, and its successors and assigns:
   1. restraining Orion from additional and/or continued violation of Wis. Stat.§ 100.197(2)(b); or
   2. compelling Orion to provide Energy Bank with the information specified in Wis. Stat. § 100.197(2)(a) needed to complete the patent notification due to Orion's violation of Wis. Stat.§ 100.197(2)(c)(2).

B. Ordering Orion to file with this Court and serve on Energy Bank within thirty (30) days from the date of entry of any restraining order and/or injunction, a report in writing, under oath, setting forth in detail the manner and form in which Orion has

12

complied with the terms of the injunction;

C. Ordering Orion to pay to Energy Bank:

1. an appropriate award of damages (authorized under Wis. Stat.§ 100.197(3)(b)(2));

2. Energy Bank's costs (authorized under Wis. Stat.§ 100.197(3)(b)(3));

3. Energy Bank's reasonable attorney fees (authorized under Wis. Stat.§ 100.197(3)(b)(3)); and

4. punitive damages of $50,000 for each violation of Wis. Stat. § 100.197(2)(c)(2) or 3 times the aggregate amount awarded for all violations under Wis. Stat.§ 100.197(3)(b)(2) and (3), whichever is greater (authorized under Wis. Stat.§ 100.197(3)(b)(4)); and

D. Awarding such other relief as this Court may deem just and proper.

## JURY DEMAND

Energy Bank demands a trial by jury.

Respectfully submitted,

SMITH KEANE LLP

Date: 10 August 2016

Electronically signed by Garet K. Galster

Garet K. Galster (WI Bar 1056772)
Melissa S. Hockersmith (WI Bar 1050361)
Jason W. Krueger (WI Bar 1090078)
1130 James Drive, Suite 104
Hartland, WI 53029
Tel: 262.563.1438
Fax: 262.563.1439
Email: gkg@keaneip.com

Attorneys for Plaintiff Energy Bank Incorporated

13