UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENERGY BANK INCORPORATED,

    Plaintiff,

v.                                             Case No. 17-C-1237

ORION ENERGY SYSTEMS INC.,

    Defendant.

---

## DECISION AND ORDER

---

This is an unusual case. On September 18, 2016, Orion Energy Systems, Inc., sued Energy Bank, Inc., for infringement of two Orion patents in a separate action currently pending before the court. *Orion Energy Systems, Inc. v. Energy Bank, Inc., et al.*, Case No. 1:16-cv-1250 (E.D. Wis.). Orion provided Energy Bank notice of its suit on September 21, 2016, by sending Energy Bank an email with a copy of the complaint and the patents at issue attached. The parties have been actively involved in discovery and the court has issued several written decisions in that case. It is currently scheduled for trial to commence on October 1, 2018.

On August 10, 2017, Energy Bank filed the instant action against Orion in the Circuit Court for Waukesha County, alleging that Orion's September 21, 2016 email notifying Energy Bank of the lawsuit, along with other filings in Case No. 16-CV-1250, violate Wisconsin's Patent Notification Act, Wis. Stats. § 100.197 (2015–16). Energy Bank alleges that Orion's pleadings violate Wisconsin's Patent Notification Act by failing to set forth in detail how each asserted patent claim is infringed by any Energy Bank product.

Orion filed an answer, affirmative defenses, and counterclaim to the complaint while it was still pending in state court. In its counterclaim, Orion seeks, among other things, a declaration that Wis. Stat. § 100.197 is invalid or preempted by federal law. On September 12, 2017, Orion then removed the case to this court, asserting that jurisdiction is proper pursuant to 28 U.S.C. § 1454, or alternatively 28 U.S.C. § 1331, because Energy Bank's claim arises under federal patent law and relates to Orion's federal action currently pending in this court. Energy Bank has now moved to remand the action to state court. For the following reasons, Energy Bank's motion will be denied.

## BACKGROUND

In 2013, Wisconsin enacted section 100.197 entitled "Patent Notifications," apparently in response to a series of demand letters sent out by so-called "patent trolls" to small businesses across the country threatening frivolous patent litigation unless licensing agreements requiring substantial payments were signed. *See, generally*, Paul R. Gugliuzza, *Patent Trolls And Preemption*, 101 VA. L. REV. 1579 (2015). Effective April 25, 2014, section 100.197 applies to "patent notifications" or "written communication attempting in any manner to enforce or assert rights in connection with a patent or pending patent." § 100.197(1)(a). The statute requires that a patent notification contain certain information related to the patent and the rights asserted related to the patent, including (1) the number of each patent subject to the notification; (2) a copy of the patent; (3) the name and address of the patent owner; (4) "[a]n identification of each claim of each patent or pending patent being asserted and the target's product, service, process, or technology to which that claim relates;" (5) "[f]actual allegations and an analysis setting forth in detail the person's theory of each claim identified;" and (6) a list of all pending or completed court or administrative proceedings related to the patent. § 100.197(2)(a). The statute provides that if a patent notification does not comply with the statute, and the patent owner does not properly correct the notification within 30 days of

2

receiving notice of its deficiencies, the recipient of the patent notification may initiate a lawsuit against the patent owner. § 100.197(3)(b).

On September 21, 2016, Orion sent an email to Energy Bank indicating that Orion "recently filed a complaint in the United States District Court for the Eastern District of Wisconsin against Energy Bank alleging infringement by Energy Bank of certain patents owned by Orion." Compl. ¶ 8, ECF No.1-1. Orion's email attached a copy of the complaint filed in federal court and the asserted patents, Patent Nos. 8,337,043 and 8,858,018. *Id.* ¶¶ 7, 9. That same day, Energy Bank informed Orion that the email was a patent notification that failed to satisfy the requirements of Wis. Stat. § 100.197. *Id.* ¶ 19. Orion replied that it believed its communication met the standards set forth in the Wisconsin patent notification statute. *Id.* ¶ 20. On September 23, 2016, Energy Bank received a letter from Orion enclosing the complaint and copies of the asserted patents. *Id.* ¶ 21. Energy Bank advised Orion, on September 27, 2016, that the letter was a patent notification that again failed to meet the requirements of § 100.197. *Id.* ¶ 33. Orion sent its disclosure of terms requiring construction and proposed constructions to Energy Bank on June 16, 2017. *Id.* ¶ 35. On June 28, 2017, Energy Bank informed Orion that it considered the disclosure to be an incomplete patent notification.

Energy Bank alleges that Orion failed to cure the deficiencies in its patent notifications within 30 days of receiving notice from Energy Bank that the notifications were incomplete, as required by Wis. Stat. § 100.197. *Id.* ¶ 45. As a result, Energy Bank initiated the instant action in the circuit court for Waukesha County, Wisconsin on August 10, 2017, asserting violations of Wis. Stat. § 100.197. In particular, Energy Bank alleges that Orion failed to identify "each claim of each patent or pending patent being asserted and the target's product, service, process, or technology to which that claim relates." Wis. Stat. § 100.197(2)(a)4. Energy Bank also argues that none of Orion's

3

patent notifications identify the claims its products infringe and do not indicate how the patent claims relate to Energy Bank's products in accordance with § 100.197(2)(a)5. In its answer, affirmative defenses, and counterclaims, Orion asserted in relevant part that "Wis. Stat. § 100.197 is invalid or preempted as applied in this case under the First Amendment, and Supremacy and Patent Clauses of the U.S. Constitution, and federal patent law, including Title 35 of the U.S. Code." ECF No. 2 at 11. Orion subsequently removed the matter to this court on September 12, 2017.

## ANALYSIS

As an initial matter, Energy Bank asserts that the removal of this case to the Green Bay Division of this district rather than the Milwaukee Division was improper under 28 U.S.C. § 1441. Section 1441 provides that "any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district *and division* embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Energy Bank maintains that the Green Bay Division does not have jurisdiction over this matter because it filed its complaint in Waukesha County, Wisconsin, which is embraced by the Milwaukee Division, and therefore, the case must either be dismissed or transferred to that division.

Energy Bank is apparently confused over the legal status of the district court in Green Bay. The court in Green Bay is part of the Eastern District of Wisconsin. *See* 28 U.S.C. § 130(a). Although for ease of reference the two locations in which court is held within the district are commonly referred to as the Milwaukee Division and Green Bay Division, Congress did not create a separate division when it directed that one judge of the district hold court in Green Bay. *Cf.* 28 U.S.C. § 93(a) (stating Northern District of Illinois comprises two divisions). Because there are no lawfully separate divisions in the district, a case removed from the Circuit Court for Waukesha

4

County could be lawfully assigned to any of the judges of the district, including the judge sitting in Green Bay.

This case was properly assigned to me under the related-case rule contained in the United States District Court for the Eastern District of Wisconsin's local rules. Pursuant to that rule,

> Where the Civil Cover Sheet discloses a pending related civil action, the new civil action will be assigned to the same judge. Factors to be considered in determining whether the actions are related include whether the actions: (i) arise from substantially the same transaction or events; (ii) involve substantially the same parties or property; or (iii) involve the same patent, trademark or copyright. The judge to whom the action with the lower case number is assigned will resolve any dispute as to whether the actions are related.

Civil L.R. 3(b). In the instant action, when Orion removed this matter to federal court, it noted on the Civil Cover Sheet that a related case was currently pending in the Green Bay Division—*Orion Energy Systems, Inc. v. Energy Bank, Inc., et al.*, Case No. 1:16-cv-1250 (E.D. Wis.). ECF No. 1-5. The two cases are more than sufficiently related because the claims in this case are based on the pleadings in Case No. 16-C-1250 involving the same parties and the same patents. In short, this case was correctly assigned to the undersigned. The court will now turn to the subject matter requirements of removal.

Congress has authorized federal courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, a defendant may remove any civil action commenced in state court to the district court sitting in the district and division in which the action is pending. 28 U.S.C. § 1441(a). That is, removal of an action from state court is proper when it could have originally been brought in federal court. A party seeking removal has the burden of establishing that federal jurisdiction is appropriate. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). District courts should "interpret

the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Id.* (citing *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

In 2011, Congress passed the Leahy-Smith America Invents Act (AIA) and created 28 U.S.C. § 1454, a new removal statute that specifically addresses the removal of patent claims to federal court. *See* Pub. L. No. 112–29, 125 Stat. 284 (2011). The statute states that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). In other words, § 1454 permits a defendant to remove an action to federal court based on either the claims asserted in the plaintiff's complaint or in the defendant's counterclaim that "arise under" an Act of Congress related to patents. *See Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015).

In addition to creating § 1454, the AIA amended 28 U.S.C. § 1338(a) by striking the sentence indicating that "[s]uch jurisdiction shall be exclusive of the courts of the states in patent," and adding language providing that "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The Supreme Court has interpreted the phrase "arising under" in both § 1338(a) and § 1331 identically and has applied its "§ 1331 and § 1338(a) precedents interchangeably." *See Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988)). Therefore, an action "arises under" federal law pursuant to § 1338(a) in two instances: when "federal law creates the cause of action asserted" and in a "'special and small' category of cases in which arising under jurisdiction still lies." *Id.* at 257–58 (citations omitted). In this second category of cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting

the federal-state balance approved by Congress." *Id.* at 258. The Court has acknowledged that federal jurisdiction is proper when all four requirements are met because "there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Here, Orion asserts that removal is authorized under § 1454 because its counterclaim seeks a declaration that "Wis. Stat. § 100.197 is invalid or preempted as applied in this case under the First Amendment, and Supremacy and Patent Clauses of the U.S. Constitution, and federal patent law, including Title 35 of the U.S. Code." ECF No. 2 at 11. It alternatively argues that removal is authorized pursuant to 28 U.S.C. § 1441. The court finds that removal is proper under § 1454, and therefore declines to address Orion's alternative arguments. To repeat, § 1454 authorizes a defendant to remove an action to federal court based on a counterclaim that "arises under" an Act of Congress related to patents. Because Orion's preemption counterclaim is not created by federal patent law, the court must decide whether the counterclaim fits within the "special and small category" of cases in which arising under jurisdiction still lies.

The Federal Circuit addressed a similar issue in *Vermont v. MPHJ Technology Investments, LLC*, where it examined whether it had jurisdiction over an appeal pursuant to its own jurisdictional statute, 28 U.S.C. § 1295(a)(1), which uses language similar to that contained in § 1454. *See* 28 U.S.C. § 1295(a)(1) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a final decision of a district court of the United States . . . in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents . . . ."). In *Vermont*, the state

7

of Vermont brought an action against a patent owner for engaging in practices that violated the Vermont Consumer Protection Act (VCPA). 803 F.3d at 638. The patent owner filed a counterclaim seeking a declaratory judgment that the VCPA "is invalid or preempted as applied under the First, Fifth, and Fourteenth Amendments, the Supremacy and Patent Clauses of the Constitution, and Title 35 of the U.S. Code." *Id.* at 642. After concluding that the counterclaim did not assert a cause of action created by federal patent laws, the court proceed to analyze whether the patent owner's compulsory counterclaim fell within the special and small category of cases where "arising under" jurisdiction still lies. *Id.* at 647.

In applying the four requirements for jurisdiction articulated in *Gunn*, the court first found that resolution of a federal question is clearly necessary to the counterclaim because "proving preemption of the VCPA by federal patent laws would necessarily require proving that the patent laws preclude enforcement of the VCPA as applied." *Id.* at 646. It then concluded that the federal issue was "actually disputed," as the federal issue was "the central point of the dispute." *Id.* (quoting *Gunn*, 568 U.S. at 259). The court also determined that the federal issue was "substantial" because "[w]hether federal patent laws preempt or invalidate the VCPA as applied has considerable significance beyond the current case." *Id.* Finally, the court noted that the federal issue was "capable of resolution in federal court without disrupting the federal-state balance" because "[a]llowing a state court to resolve a patent law preemption question risks 'inconsistent judgments between state and federal courts.'" *Id.* at 646–47 (quoting *Jang v. Boston Sci. Corp.*, 767 F.3d 1334, 1337 (Fed. Cir. 2014)). Because all four requirements of the *Gunn* test were satisfied, the court concluded it had jurisdiction over the appeal.

The court finds that this case is analogous to *Vermont* and that the federal issue here satisfies all four prongs of the *Gunn* test. First, Orion's counterclaim necessarily implicates a federal issue

8

because the determination of whether federal patent law invalidates or preempts Wis. Stat. § 100.197 raises a federal question. The federal issue is also actually disputed because the issue is the central point of dispute—Orion cannot prevail without showing that federal patent law invalidates or preempts the statute. As to the substantiality prong, the inquiry focuses on "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Here, the federal issue is substantial as it has considerable significance beyond the instant litigation. The federal issue would clarify "the rights and privileges afforded to patentees in pursuing patent infringement claims." *Vermont*, 803 F.3d at 646. Finally, allowing a state court to decide the preemption question risks inconsistent judgments between state and federal courts and threatens uniformity in patent law. In sum, Orion's counterclaim fits within the special and small category of cases in which arising under jurisdiction still lies. Therefore, jurisdiction in federal court is proper, and the case will not be remanded to state court.

## CONCLUSION

For the foregoing reasons, Energy Bank's motion to remand to state court (ECF No. 8) is **DENIED**. The clerk is directed to place this matter on the court's calendar for a Rule 16 telephone conference.

Dated this   4th   day of December, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
